# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>SKAT TAX REFUND SCHEME LITIGATION<br><br>This document relates to:<br><br>18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01794;  19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 21-cv-05339. | Case No. 1:18-md-2865-LAK |

# DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SKAT'S SUBSEQUENT REMEDIAL MEASURES

Defendants hereby submit this Memorandum of Law in Opposition to Plaintiff Skatteforvaltningen's ("SKAT") Motion in Limine to Exclude Evidence of Subsequent Remedial Measures.  *See* ECF No. 1130; 1133 ("Mot.").

I.      **INTRODUCTION**

During the time in which the Defendant pension plans submitted dividend tax reclaim applications in Denmark, the official tax refund claim form that SKAT used instructed refund applicants to enclose a "dividend credit advice" issued by the applicant's custodian to show that the applicant was the beneficial owner of the dividends during the relevant time period.  SKAT, in a clear concession its guidelines were insufficient, brought this suit against Defendants despite the Defendant pension plans adhering to SKAT's then-guidelines.  Further conceding the insufficiency of its then-guidelines, SKAT changed these guidelines in 2016.  SKAT now seeks to exclude evidence of these changes.  The Court should deny SKAT's motion in limine for three independent reasons.

First, SKAT relies heavily on Federal Rule of Evidence 407 to claim that the revised guidelines are inadmissible "remedial measures".  But SKAT's guideline revisions are not the type of "remedial measures" contemplated by Rule 407, which is meant to encourage *defendants* to enact remedial safety measures after an accident by excluding evidence of those measures from a lawsuit.  This serves a clear public interest by not penalizing defendants for eliminating potential dangers and enhancing safety while litigation is ongoing, allowing public safety measures to be put in place more quickly.  No such public interest is present here, as there are no public dangers or safety concerns.  Rule 407 is intended to allow defendants such as product manufacturers to protect the public.  It was not meant to apply to plaintiffs like SKAT, and thus should not preclude the evidence here.

Second, even if the guideline revisions were remedial measures under Rule 407, they are admissible because they are relevant for purposes beyond proving SKAT's negligence.  Rule 407 precludes use of evidence of subsequent remedial measures to prove negligence or culpable

conduct, but allows for admission of that same evidence for other purposes. *See* Fed. R. Evid. 407 ("But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures."). Here, the revised guidelines are relevant to evaluating Defendants' scienter, to Defendants' statute of limitations and laches defenses, and to the balancing of equities for SKAT's equitable claims. None of these issues involve proving SKAT's negligence.

Third, SKAT's motion is vague and unduly broad. SKAT seeks to exclude all "evidence of SKAT's subsequent remedial measures after it discovered the fraud." Mot. at 1. But aside from the 2016 Guidelines, SKAT does not specify any other pieces of evidence that should be excluded under Rule 407. The Court should decline SKAT's unduly broad request to exclude a whole category of evidence where SKAT has not even identified specific evidence that would fall into this category, particularly where the evidence is relevant to Defendants' defenses.

For these reasons, the Court should deny SKAT's request to exclude evidence of subsequent remedial measures, including the 2016 Guidelines.

## II.     ARGUMENT

### A.     Federal Rule of Evidence 407 does not apply because the Rule is intended to exclude only evidence of a defendant's negligence.

SKAT attempts to paint its 2016 guideline revisions as "remedial measures" under Federal Rule of Evidence 407. But Rule 407 was enacted in response to "the fear that people will be less likely to take subsequent remedial measures if evidence of their repairs or improvements may be used against them in lawsuits arising out of prior accidents." *Cann v. Ford Motor Co.*, 658 F.2d 54, 60 (2d Cir. 1981) (in products liability and negligence action stemming from car accident, trial court did not err in excluding evidence of defendant's post-incident transmission design and owner manual changes). The Advisory Committee Notes make clear that Rule 407 rests on two policy grounds: (1) "[t]he conduct is not in fact an admission, since the conduct is equally consistent with injury by mere accident or through contributory negligence;" and (2) "[t]he other, and more impressive, ground for exclusion rests on a social

2

policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Fed. R. Evid. 407, Advisory Committee Notes. As such, Rule 407 is typically invoked by *defendants* who want to exclude plaintiffs from introducing evidence of the defendant's subsequent remedial measures in products liability actions.[1]

Here, SKAT did not enact the type of remedial safety measures that Rule 407 precludes—it revised tax reclaim application guidelines in response to an ex-dividend strategy that had been conducted pursuant to those guidelines. SKAT's attempt to revise its policies specifically to prohibit the conduct that Defendants had engaged in does not implicate the rationales underlying Rule 407. In other words, there is no danger that Defendants' use of the revised guidelines at trial would "discourage [SKAT], or those similar situated" to implement similar subsequent remedial measures. *See Collins v. Long Island Railroad Co.*, 2023 WL 4163140, at *2 (E.D.N.Y. June 23, 2023) (overruling Plaintiff's Rule 407 objection because there was "no danger" that the "Defendant, or those similarly situated" would be discouraged from implementing safety measures based on the evidence Plaintiff sought to exclude). There is simply no authority in this circuit holding that a plaintiff can invoke Rule 407 as a shield as SKAT proposes to do here. SKAT concedes as much in citing as its primary legal authority a single unpublished, non-binding case from the Northern District of Georgia. *See* Mot. at 7. Accordingly, the Court should decline to extend Rule 407's protections to SKAT's reclaim guideline revisions, which are far from the "remedial measures" the rule was intended to protect and in no way serve the Rule's primary goal of encouraging, or at least not discouraging, defendants from implementing enhanced safety and security measures to protect the public.

     **B.**     **Evidence of revisions to SKAT's reclaim application guidelines is admissible**

---

[1] As the Tenth Circuit has noted, "Rule 407 prohibits the admission of evidence of subsequent repairs when that evidence is introduced for the purpose of proving **negligence of the defendant**. Where it relates to the alleged **contributory negligence of plaintiff** it should not be considered prejudicial." *Rimkus v. Nw. Colo. Ski Corp.*, 706 F.2d 1060, 1066 (10th Cir. 1983) (emphasis added).

under Rule 407.

Even if the Court holds that SKAT's revisions to its reclaim application guidelines are "remedial measures" under Rule 407, they are admissible because they are not being offered to show negligence or culpable conduct. Rule 407 provides that evidence of subsequent remedial measures, while not admissible to prove culpability, is admissible for "***another purpose***, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407 (emphasis added). Although the Rule gives examples of "another purpose" (*e.g.*, feasibility), the Rule is not limited to only these examples. *See, e.g.*, *Pitasi v. Stratton Corp.*, 968 F.2d 1558, 1560–61 (2d Cir. 1992) (finding that the exclusion of evidence of subsequent remedial measures to rebut defendant's defense of contributory negligence was an abuse of discretion and remanding for a new trial).

SKAT's revisions to its guidelines, and any similar evidence it claims falls under the "remedial measures" umbrella, are admissible because they are directly relevant for several purposes beyond showing SKAT's negligence or culpability. ***First***, the guideline revisions are relevant to showing that SKAT could have promulgated clearer requirements for the supporting evidence necessary to show beneficial ownership. While SKAT attempts to circumvent the guideline revisions' relevance by claiming to concede feasibility, it will likely try to sidestep this "concession" at trial by arguing that it never considered or thought it necessary to make changes to its guidelines, despite the fact that it ultimately did just that. ***Second***, the guideline revisions are relevant to Defendants' arguments that they did not believe—and had no reason to believe under the applicable guidelines—that their trading strategy was illegitimate. Between 2012 and 2015, Defendants did not have the benefit of the revised 2016 Guidelines when submitting their reclaim applications. They believed they were engaging in a legitimate trading strategy, and SKAT's official guidance did not tell them otherwise. ***Third***, the 2016 Guidelines are relevant to the Defendants' statute of limitations defense. The 2016 Guidelines indicate that SKAT was well aware of issues with reclaim applications and its reclaim system when it decided to update its guidelines (if not earlier). The date when SKAT amended its reclaim application is an

2773112

essential piece of evidence the jury must consider when determining when SKAT knew or should have known about the events it alleges.  **Fourth**, in balancing the equities for SKAT's equitable claims, the trier of fact will evaluate the parties' conduct and relative faults.  *See Paramount Film Distrib. Corp. v. State of New York*, 30 N.Y.2d 415, 421–22 (1972).  The 2016 Guidelines are probative of SKAT's conduct, including its failure to introduce stricter guidelines for its reclaim application system before 2016.  And, as discussed above, the 2016 Guidelines are relevant to Defendants' belief in the legitimacy of their trading strategy when they submitted their applications between 2012 and 2015, which also goes to the balancing of the equities.  **Finally**, the 2016 Guidelines also will be relevant for impeachment, and the Court should allow Defendants to use the 2016 Guidance for that purpose as appropriate.  Because the 2016 Guidelines and similar evidence are relevant for "another purpose", not just to "prove" SKAT's negligence, the Court should deny SKAT's motion.  *See* Fed. R. Evid. 407.[2]

Finally, any post investigative reports, facts revealed by such a report, or similar materials are *not* considered "subsequent remedial measures" under Rule 407.  *See Westmoreland v. CBS Inc.*, 601 F. Supp. 66, 67 (S.D.N.Y. 1984) ("The fact that subsequent remedial measures are excluded as admissions of fault does not mean that competent evidence resulting from an internal investigation of a mishap must also be excluded."); 2 Weinstein's Fed. Evid. § 407.06(1) (2024) ("Post-event tests or reports are generally outside the scope of Rule 407, and thus admissible[.]").  Even SKAT's unpublished Georgia decision agrees.  *IVC US, Inc. v. Linden Bulk Transp. SW, LLC,* 2017 WL 5203055, at *9 (N.D. Ga. Apr. 4, 2017) (denying portion of motion in limine seeking to exclude performance appraisal to the extent it "is a post-accident investigation or review").  Accordingly, to the extent SKAT's motion encompasses investigative reports or similar materials, the motion should be denied.

---

[2] SKAT's claims that because it does not contest the feasibility of changing its guidance, there is no other purpose for which the guideline revisions may be admitted (*see* Mot. at 8) ignore the plain relevance of this evidence as described herein.

In short, the proper remedy for any contested use of the evidence that is the subject of SKAT's motion is for SKAT to object when the evidence is introduced, not a wholesale exclusion from the start.

### C. The Court should deny SKAT's motion as vague and overbroad.

Lastly, SKAT's motion should be denied as vague and overbroad. Other than the 2016 Guidelines, SKAT does not cite any other evidence that should be excluded under Rule 407. Nonetheless, SKAT broadly requests that the Court exclude "evidence of SKAT's subsequent remedial measures from after defendants' fraud." Mot. at 7. But that does not give Defendants or the Court any indication as to what that other evidence includes. Courts in this district have denied motions that do not identify the specific evidence or testimony that should be excluded because this prevents the court from evaluating admissibility under the Federal Rules of Evidence. *See, e.g.*, *Viada v. Osaka Health Spa, Inc.*, 2005 WL 3435111, at *1 (S.D.N.Y. Dec. 12, 2005). To the extent SKAT believes any evidence Defendants introduce at trial is inadmissible pursuant to Rule 407, SKAT can raise an objection at the appropriate time during the trial.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny SKAT's motion to exclude evidence of subsequent remedial measures under Rules 407, 402, and 403.

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

Dated: September 3, 2024

By: */s/ Julia L. Allen*
ELLIOT R. PETERS
JULIA L. ALLEN
NIHARIKA S. SACHDEVA
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188
epeters@keker.com

DEWEY PEGNO & KRAMARSKY

By: */s/ Thomas E.L. Dewey*
Thomas E.L. Dewey
Sean K. Mullen
777 Third Avenue, 37th Floor
New York, NY 10017
Telephone: (212) 943-9000
Facsimile: (212) 943-4325
tdewey@dpklaw.com

*Attorneys for Defendant Michael Ben-Jacob*


KOSTELANETZ LLP

By: */s/ Sharon L. McCarthy*
Sharon L. McCarthy
7 World Trade Center, 34th Floor
New York, New York 10007
Tel: (212) 808-8100
Fax: (212) 808-8108
smccarthy@kostelanetz.com


By: */s/ Daniel C. Davidson*
Daniel C. Davidson
601 New Jersey Avenue, NW
Suite 260
Washington, DC 20001
Tel: (202) 875-8000
ddavidson@kostelanetz.com

*Attorneys for Defendants John van Merkensteijn,III, Elizabeth van Merkensteijn, Azalea Pension Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Michelle Investments Pension Plan, Omineca Pension Plan, Omineca Trust, Remece Investments LLC Pension Plan, Starfish Capital Management LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Xiphias LLC Pension Plan*

7

2773112

                WILMER CUTLER PICKERING HALE AND DORR LLP

By:   */s/ Peter Neiman*
       Peter Neiman
       7 World Trade Center
       250 Greenwich Street
       New York, NY 10007
       Telephone: (212) 230-8800
       peter.neiman@wilmerhale.com

*Attorneys for Defendants Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron IndustriesLLC Roth 401(K) Plan, RJM Capital Pension Plan, RJM Capital Pension Plan Trust, Routt Capital Pension Plan, Routt Capital Trust*

                KATTEN MUCHIN ROSENMAN LLP

By:   */s/ David L. Goldberg*
       David L. Goldberg
       Michael M. Rosensaft
       50 Rockefeller Plaza
       New York, NY 10020
       Tel.: (212) 940-8800
       Fax: (212) 940-8776
       david.goldberg@katten.com

*Attorneys for Defendants Robert Klugman, RAK Investment Trust, Aerovane Logistics LLC Roth 401K Plan, Edgepoint Capital LLC Roth 401K Plan, Headsail ManufacturingLLC Roth 401K Plan, The Random Holdings 401K Plan, The Stor Capital Consulting LLC 401K Plan*

2773112