# Exhibit 7, Part 4

**Exhibit 3**

Claim No: CFI-048-2018

THE DUBAI INTERNATIONAL FINANCIAL CENTRE COURTS

IN THE COURT OF FIRST INSTANCE
BEFORE JUSTICE SIR JEREMY COOKE
BETWEEN

**SKAT**
(The Danish Customs and Tax Administration)

Claimant

and

**(1) ELYSIUM GLOBAL (DUBAI) LIMITED**

**(2) ELYSIUM PROPERTIES LIMITED**

Defendants

---

**ORDER OF JUSTICE SIR JEREMY COOKE**

---

**PENAL NOTICE**

IF YOU ELYSIUM GLOBAL (DUBAI) LIMITED OR ELYSIUM PROPERTIES LIMITED DISOBEY THIS ORDER YOU MAY BE HELD TO BE IN CONTEMPT OF COURT AND YOUR DIRECTORS MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED OR THE COMPANY MAY BE FINED OR HAVE ITS ASSETS SEIZED.

ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS THE RESPONDENT TO BREACH THE TERMS OF THIS ORDER MAY ALSO BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED.

**UPON** a further hearing following SKAT's (the Danish Customs and Tax Administration) ("the Applicant") application by notice dated 2 July 2018 for a return date following an *ex parte* application made by the Claimant on 27 June 2018 for a search order against the Elysium Global (Dubai) Limited ("the First Respondent")

1

**AND UPON** hearing Counsel for the Applicant and Counsel for the First Respondent

**AND UPON** the Court accepting the undertakings given by the Applicant in Schedule A

**IT IS ORDERED THAT:**

1. In this Order:

    (a) "the Search Order" means the Search Order of Justice Sir Jeremy Cooke dated 27 June 2018 made against the First Respondent, as varied by the Order of Justice Sir Jeremy Cooke dated 8 July 2018 and continued by the Order of Justice Sir Jeremy Cooke dated 12 July 2018;

    (b) "the 31 July Order"; means the Order of Justice Sir Jeremy Cooke dated 31 July 2018;

    (c) "Deloitte" means Deloitte Professional Services (DIFC) Limited;

    (d) "Electronic Material" has the meaning given in paragraph 5 of the 31 July Order;

    (e) "the Privilege Search Team" has the meaning given in paragraph 7 of the 31 July Order; and

    (f) "the Supervising Legal Representative" means Mr Philip Punwar of Baker Botts LLP.

**SEARCH PARAMETERS**

2. Deloitte shall by 3 August 2018 provide the First Respondent's legal team with a document explaining in general terms how the Relativity Platform works and how search parameters (including the use of Boolean operators) for use on that platform can be formulated.

3. The Applicant shall by 3 August 2018 provide the First Respondent with its proposed search parameters for the purposes of carrying out the search ordered at paragraph 13 of the 31 July Order.

4. In the absence of agreement over those search parameters:

    (a) The parties shall file and exchange brief submissions on the proposed search parameters by 4:30pm BST on 9 August 2018; and

    (b) The Court shall determine on paper the search parameters to be applied for the purposes of carrying out the search ordered at paragraph 13 of the 31 July Order.

**PRIVILEGE FLAGS**

5. When reviewing Electronic Material on the Relativity Platform in accordance with paragraphs 15, 18 and 24 of the 31 July Order, the relevant reviewers shall use only the following flags on the Relativity Platform to indicate that a document is a "Deloitte Privilege Flagged Document" or is or may be "Privileged" (as those terms are defined in the 31 July Order):

| FLAG | DEFINITION |
| --- | --- |
| "Privileged: Legal Advice Privilege" | The reviewer shall use this flag where he or she considers that the document under review is subject to legal advice privilege. |
| "Privileged: Litigation Privilege" | The reviewer shall use this flag where he or she considers that the document under review is subject to litigation privilege. |
| "Restricted: English Collateral Use Order" | The reviewer shall use this this flag where he or she considers that the document under review is subject to an order made in the English criminal restraint proceedings before HHJ Hopmeier sitting in Kingston and Southwark Crown Courts preventing the use of the document other than in those proceedings. |
| "Restricted: Criminal Witness Statement" | The reviewer shall use this flag where he or she considers that the document under review is a witness statement served in the English criminal restraint proceedings before HHJ Hopmeier sitting in Kingston and Southwark Crown Courts and subject to Rule 33.8 of the English Criminal Procedure Rules preventing the use of the witness statement other than in those proceedings. |

6. Where a reviewer flags a document with the "Privileged: Legal Advice Privilege" or "Privileged: Litigation Privilege" flags, the reviewer shall also flag the document with one of the following flags:

| FLAG | DEFINITION |
| --- | --- |
| "Privilege belonging to D1" | The reviewer shall use this flag where he or she considers that the privilege which covers the document is a privilege belonging to the First Respondent. |

3

| | |
|---|---|
| "Privilege belonging to D2" | The reviewer shall use this flag where he or she considers that the privilege which covers the document is a privilege belonging to the Second Respondent. |
| "Privilege belonging to a third party" | The reviewer shall use this flag where he or she considers that the privilege which covers the document is a privilege belonging to a third party to these proceedings. |
| "Privilege belonging to more than one party" | The reviewer shall use this flag where he or she considers that the privilege which covers the document is a privilege belonging to more than one party and/or is subject to common interest privilege. |
| ""Privilege belonging to an unidentified party" | The reviewer shall use this flag where he or she is considers that a document is privileged but where he or she is unable to determine the identity of the party to whom the privilege belongs. |

7. The parties may agree variations to paragraphs 2 to 6 above in writing signed by both parties' legal representatives and there be liberty to apply.

**ACCESS TO REMOTE SERVERS**

8. Without prejudice to the generality of paragraph 29 of the 31 July Order, the First Respondent shall forthwith:

    (a) Provide the Applicant with the full name and contact details of the third parties supplying the following servers ("**the Servers**"):

    (i) The network server with IP address 192.168.11.160;

    (ii) The network server containing Sage accounting with IP address 192.168.11.221;

    (iii) The cloud based Google Drive server identified in Exhibit S2 to the Fourth Affidavit of Sanjay Shah;

    (iv) The cloud based Mimecast server identified in Exhibit S2;

    (v) The private cloud based server hosted by 'BIOSME' identified in Exhibit S2;

4

        (vi)    The private cloud based Doccept DMS server hosted by 'Kensium' identified in Exhibit S2; and

        (vii)   The server known as "One Drive", a shortcut to which was mapped onto the personal computer used by Mr Sanjay Shah at the First Respondent's premises;

  (b)  Instruct the third parties supplying the Servers to: (i) grant Deloitte full and unrestricted access to the entirety of those servers; and (ii) correspond with Deloitte about the practicalities of effecting that access;

  (c)  Provide Deloitte with an administrative level graphic connection to each of the Servers using a remote desktop protocol or provide such other login credentials to any platforms operated by the third parties hosting the Servers as will give Deloitte administrative level access to each of the Servers; and

  (d)  Provide Deloitte with all passwords and any other information of whatever kind necessary to have complete unrestricted access to the data on the Servers.

9. Upon being granted access thereto, Deloitte may take copies of the data contained on each of the Servers. Deloitte shall add any data so obtained to the Electronic Material which shall be dealt with in accordance with paragraphs 6 to 26 of the 31 July Order.

10. Upon Deloitte informing the First Respondent in writing that it has taken a satisfactory copy of the data on each of the Servers the First Respondent may take whatever steps necessary to terminate Deloitte's access to the relevant Server.

11. There is liberty to apply in relation to paragraphs 8 to 10 of this Order.

**BITLOCKER PASSWORDS**

12. The First Respondent shall forthwith provide Deloitte with all necessary BitLocker and other such codes to enable Deloitte to access the data obtained from:

  (a)  a laptop used by Sanjay Shah (Deloitte's evidence reference number DB246A16); and

  (b)  a desktop computer used by Rashmi Raju (Deloitte's evidence reference number DB246A07).

5

**BLACK BOX DOCUMENTS**

13. Until further order, the Supervising Legal Representative shall not release to the Applicant any documents delivered up to him from Black Box LLC in accordance with paragraph 30 of the 31 July Order.

14. For the avoidance of doubt, paragraph 13 of this Order does not prevent the Supervising Legal Representative from reviewing documents delivered up to him from Black Box LLC for the purposes of determining whether the same are "Privileged" (as that term is defined in the 31 July Order), as set out at paragraph 31 of the 31 July Order.

**LIMESTONE HOUSE SALE**

15. The contemplated sale by the Second Defendant of the property known as a Unit 9.H.1 at Limestone House, Gate Boulevard, DIFC may proceed provided that the net sale proceeds are paid (directly or indirectly) to the client account of Davidson & Co.

**VARIATION AND DISCHARGE OF THIS ORDER**

16. Anyone served with or notified of this order may apply to the Court at any time to vary or discharge this order (or so much of it as affects that person), but they must first inform the Applicant's legal representatives. If any evidence is to be relied upon in support of the application, the substance of it must be communicated in writing to the Applicant's legal representatives in advance.

**COSTS**

17. Costs are reserved.

Issued by:
**Ayesha Bin Kalban**
Assistant Registrar
Date: 12 August 2018
At: 1pm

**SCHEDULE A**

<u>UNDERTAKINGS GIVEN TO THE COURT BY THE APPLICANT</u>

1. If the Court later finds that this order or carrying it out has caused loss to the First Respondent, and decides that the First Respondent should be compensated for that loss, the Applicant will comply with any order the Court may make. Further if the carrying out of this order has been in breach of the terms of this order or otherwise in a manner inconsistent with the Applicant's legal representatives' duties as officers of the Court, the Applicant will comply with any order for damages the Court may make.

2. The Applicant will not, without the permission of the Court, use any information or documents obtained as a result of carrying out the Search Order except for the purposes of these proceedings (including adding further Respondents) or commencing or pursuing civil proceedings in relation to the same or related subject matter to these proceedings in the Dubai and English Courts.

3. For the avoidance of doubt, the Applicant may not share any information or documents obtained as a result of carrying out the Search Order with any prosecuting authority involved in any criminal proceedings being prepared against the Respondents or related parties, including (but not limited to) Sanjay Shah.