# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:<br><br>18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01794; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 21-cv-05339. | MASTER DOCKET<br>1:18-md-02865-LAK |

**DEFENDANT MICHAEL BEN-JACOB'S RESPONSE TO PRETRIAL ORDER NO. 42 ORDERING DEFENDANTS TO FILE AN OFFER OF PROOF AS TO <u>THE ADVICE OF COUNSEL DEFENSE</u>**

Defendant Michael Ben-Jacob hereby submits this Response to the Court's Pretrial Order No. 42. ECF No. 1172.

I. **SKAT'S MOTION AND THE COURT'S ORDER DO NOT APPLY TO BEN-JACOB.**

On August 15, 2024, Plaintiff Skatteforvaltningen ("SKAT") filed a "motion *in limine* to preclude the advice of counsel defense of defendants Richard and Jocelyn Markowitz, John and Elizabeth van Merkensteijn, Robert Klugman and any of their pension plans or other entities ('Defendants')." ECF No. 1125, at 1. On its face, SKAT's motion is not directed at Ben-Jacob. SKAT explicitly carved out Ben-Jacob from the scope of relief sought—which makes sense because Ben-Jacob has not asserted an advice of counsel defense. Because the motion was not directed at him, Ben-Jacob did not respond to it. The other defendants did, with their opposition noting: "This opposition is on behalf of Richard and Jocelyn Markowitz, John and Elizabeth van Merkensteijn, Robert Klugman, and any of their pension plans or other entities, to whom SKAT's motion is directed. Michael Ben-Jacob, who continues to maintain his position that a joint trial with arguments about legal advice provided by other lawyers that may be attributed to him prejudices him, *is not* a party to SKAT's motion and this opposition." ECF No. 1161, at 2 n.1 (emphasis in original).

On September 6, 2024, the Court issued an order on SKAT's motion that "defendants" (undefined) file "a complete offer of proof (including witness testimony and other evidence) and associated arguments that they propose to introduce at trial pertaining to the presence or involvement of attorneys or to legal advice received of which any defendant claims to have been aware" by September 26, 2024. ECF No. 1172, at 2. Ben-Jacob believes the Court's Order does not apply to him, because, again, SKAT's motion was not directed at him and he is not asserting an advice of counsel defense, formal or otherwise. Ben-Jacob is submitting this response, prior to the September 26 deadline for a "complete offer of proof," in an abundance of caution and to confirm his interpretation of the Court's Order is correct.

1

2782276

## II. TO THE EXTENT THE COURT'S ORDER APPLIES TO BEN-JACOB, IT IMPLICATES EVIDENCE NECESSARY TO HIS DEFENSE.

Although Ben-Jacob is not a target of SKAT's motion, as he has never indicated an intent to rely on an advice of counsel defense, Ben-Jacob's defense, and the fairness of any trial of the claims against him, is potentially implicated by the Court's resolution of SKAT's motion given the language used in the Court's Pretrial Order No. 42. Because Ben-Jacob is himself a lawyer, virtually all of the evidence that he intends to offer to defend himself, and likely much of what SKAT intends to offer in attempting to prove he is liable, consists of evidence "pertaining to the presence or involvement of attorneys or to legal advice received of which any defendant claims to have been aware." ECF No. 1172, at 2. Indeed, literally any piece of evidence that involves Ben-Jacob—a lawyer being tried alongside his clients over his objection—"pertain[s] to the presence or involvement of attorneys" and/or "legal advice" provided to them. The Court's Order thus arguably encompasses nearly all, if not the entirety, of the evidence related to Ben-Jacob's involvement in this case. If Ben-Jacob is required to detail his entire case for SKAT four months before trial—long before the deadline for the parties to exchange their statements of the case, proposed fact stipulations, witness lists, exhibit lists, and deposition designations—the prejudice to Ben-Jacob will be exacerbated dramatically.

As Ben-Jacob has explained, Ben-Jacob is a New York lawyer, a former partner at Kaye Scholer, who has been accused of knowingly helping his clients and Sanjay Shah engage in a half billion-dollar fraud—even though he indisputably did not receive any of the tax refunds resulting from the purported fraud. Ben-Jacob's defense at trial will be that he is a trust and estates lawyer who was asked by his clients to perform specific U.S. legal work for which the firm was paid on an hourly basis. Ben-Jacob is in essence being sued for doing his job as a lawyer, even though he did not knowingly or intentionally participate in any fraud or make any negligent misrepresentations. Ben-Jacob only became a focal point in this MDL after his clients asserted an advice of counsel defense. No other lawyer, and no law firm, has been named as a defendant. While the other defendants had the right to waive privilege, the assertion of an advice

of counsel defense, whether formally or informally, creates perverse incentives for both Ben-Jacob's clients and SKAT, all redounding to the substantial prejudice of Ben-Jacob. This is one of the main reasons why Ben-Jacob, despite the Court's disagreement, respectfully continues to believe he should be tried separately from his clients, to ensure his right to a fair trial. *See, e.g.*, Motion for Separate Trials, ECF No. 1011; ECF No. 1102 (Order Denying Motion for Separate Trials).

Ben-Jacob never met Sanjay Shah nor had any substantive communications with him about the Danish trading strategy. The limited information Ben-Jacob had about the trading strategy he learned from his clients, including those who are the focus of SKAT's motion—Richard Markowitz, John van Merkensteijn, and Robert Klugman. Ben-Jacob had no involvement with the trading strategy. At trial, Ben-Jacob intends to elicit testimony and introduce documents showing that he did not and could not have intended that the statements made on the reclaim applications submitted to SKAT be false. To do so, Ben-Jacob must be able to explain what he understood of the trading strategy and the reclaim forms submitted to SKAT—information that he learned primarily from his clients or from documents they gave him. And Ben-Jacob must be permitted to explain his limited role and involvement. Indeed, in denying Ben-Jacob's motion for separate trials, this Court noted that "Ben-Jacob will be free . . . to clarify the extent of his involvement both by introducing direct evidence and through cross-examination." ECF No. 1102, at 2.

Ben-Jacob's state of mind and understanding of the facts was largely informed by legal analysis from other lawyers, and statements made to him by his clients about legal advice they received from other lawyers. As SKAT acknowledges, Ben-Jacob and his law firm did not advise on issues of Danish law, and the Defendants cannot rely on advice from Ben-Jacob or Kaye Scholer "in representing to SKAT that the plans were beneficial owners of Danish shares and dividends on which they had suffered withholding tax." ECF No. 1125, at 5. But Ben-Jacob must be able to establish *his* state of mind based on what he understood the Danish lawyers had advised his clients. As SKAT points out, Ben-Jacob testified that Markowitz's and van

3

Merkensteijn's former partner Jerome Lhote "had taken advice from Danish counsel and reported back to [Ben-Jacob] that it was appropriate to treat the pensions as the beneficial owner for Danish law purposes." *Id.* at 5 n.4. Ben-Jacob is entitled to offer, and the jury is entitled to hear, Ben-Jacob's testimony about why he was comfortable signing some of the beneficial ownership declaration forms.

Evidence regarding what the Principals told Ben-Jacob regarding the legal advice they received in Belgium and Germany provides further context for the relationship between Ben-Jacob and his clients who are also defendants in the upcoming trial. For example, with the German trading, Markowitz informed Ben-Jacob that the Principals received advice from Norton Rose, and Ben-Jacob and Kaye Scholer were responsible for "the US tax side." *See* Declaration of Elliot R. Peters in Support of Defendant Michael Ben-Jacob's Response to the Court's Pretrial Order No. 42 ("Peters Decl."), Ex. 1. Similarly, communications between Kaye Scholer lawyers and others who worked for the Principals demonstrate that Ben-Jacob understood that "the view of Belgian counsel is that [the] pension plan should be considered to be the beneficial owner . . . ." *See e.g.*, Peters Decl., Ex. 2. At trial, Ben-Jacob will testify that he relied on Danish law experts for the Danish trading strategy, just as he did in Belgium. While those communications and the legal advice his clients received fall within the bounds of this Court's Pretrial Order No. 42, exclusion of that evidence would unfairly prejudice Ben-Jacob.

Equally important is the fact that other Kaye Scholer lawyers with expertise in relevant fields like pension law performed much of the work requested by Ben-Jacob's clients. Evidence related to that legal advice on pension law issues that Ben-Jacob's Kaye Scholer colleagues provided is equally relevant and necessary to Ben-Jacob's defense. SKAT not only alleges that the representation of beneficial ownership is false, but also the representation that the pension plans were qualified. *See* ECF No. 1136, at 1. By way of example, in an April 16, 2012 email, one of Ben-Jacob's law partners emailed Markowitz and van Merkensteijn, among others, and copied Ben-Jacob regarding updates and changes to the IRS rules. *See* Peters Decl., Ex. 3. At the end of the email, the Kaye Scholer attorney wrote, ". . . you, by definition, would have a

4

qualified plan . . . ." *Id.* Ben-Jacob must be able to admit this evidence that is directly relevant to his state of mind.

In short, while not the object of SKAT's motion, Ben-Jacob believes, or the Court's Order requiring an Offer of Proof, Ben-Jacob responds that although he is not offering an advice of counsel defense in any form or fashion, he intends to offer into evidence documents relevant to his personal knowledge, intent, and understanding regarding the relevant facts, all of which are admissible as to him, regardless of the assertion (or not) of an advice of counsel defense by other defendants.

### III.   LIMITING INSTRUCTIONS MAY ADDRESS SKAT'S CONCERN.[1]

To the extent the Court grants any aspect of SKAT's motion and excludes evidence "pertaining to the presence or involvement of attorneys or to legal advice received," ECF No. 1172, at 2, Ben-Jacob requests that the evidence be admitted for purposes of his defense and appropriate limiting instructions be fashioned where necessary to instruct the jury that this evidence pertains only to Ben-Jacob and may not be considered in connection with the liability of other defendants. *See* ECF No. 1102, at 3 n.8 ("Contrary to Ben-Jacob's argument, the Court is confident that it is capable of fashioning a suitable instruction, notwithstanding '[t]he degree of complexity' with the able assistance of counsel.") (citation omitted). Should the Court instead exclude such evidence altogether, Ben-Jacob respectfully renews his request for a separate trial.[2]

---

[1] Ben-Jacob continues to object to a consolidated trial alongside his clients, in part for the reasons described herein, as well as those described in the prior motions cited in footnote 2, but understands the Court has overruled those objections. Ben-Jacob thus notes this alternative in the event Ben-Jacob's trial remains consolidated with the trial of his clients.

[2] *See generally* Defs.' Ltr. Regarding Defs.' Resp. to SKAT's Proposed Trial Plan, ECF No. 953; Defs.' Reply Ltr. Regarding Defs.' Resp. to SKAT's Proposed Trial Plan, ECF No. 955; Def.'s Mem. L. in Supp. of Mot. to Sever, ECF No. 1011; Def.'s Reply Memo. L. in Supp. of Mot. to Sever, ECF No. 1044; Def.'s Mem. L. in Opp'n to SKAT's Mot. to Exclude the Proposed Testimony of Defense Experts Michael S. Ross, C. Frederick Reish, and Kasper B. Pilgaard, ECF No. 1094.

|  |  | KEKER, VAN NEST & PETERS LLP |
|---|---|---|
| Dated: September 24, 2024 | By: | */s/ Elliot R. Peters* <br> ELLIOT R. PETERS <br> JULIA L. ALLEN <br> NIHARIKA S. SACHDEVA <br> 633 Battery Street <br> San Francisco, CA 94111-1809 <br> Telephone: 415 391 5400 <br> Facsimile: 415 397 7188 <br> epeters@keker.com |
|  |  | DEWEY PEGNO & KRAMARSKY |
|  | By: | */s/ Thomas E.L. Dewey* <br> Thomas E.L. Dewey <br> Sean K. Mullen <br> 777 Third Avenue, 37th Floor <br> New York, NY 10017 <br> Telephone: (212) 943-9000 <br> Facsimile: (212) 943-4325 <br> tdewey@dpklaw.com |

*Attorneys for Defendant Michael Ben-Jacob*